UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

AARON EPPS,

    Plaintiff,

vs.

EAST COAST WAFFLES, INC.,

    Defendant.

_____

### DEFENDANT'S NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF FLORIDA
        OCALA DIVISION

Defendant, EAST COAST WAFFLES, INC. ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Local Rule 4.02, hereby removes this action, which is styled, <u>Aaron Epps v. East Coast Waffles, Inc.</u>, and designated Case No.: 2022-CA-002657, from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, in which the action is now pending, to the United States District Court for the Middle District of Florida, Ocala Division.  In support of this removal, and pursuant to 28 U.S.C. § 1446, Defendant states:

    1.    The Complaint in this action was filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, on December 19, 2022, and was

served upon Defendant's registered agent on December 20, 2022. A copy of the Summons and Complaint are attached collectively hereto as **Exhibit "A."**

  2. The District Courts of the United States have original jurisdiction over this civil action as provided in 28 U.S.C. § 1332. Under that section, this Court has jurisdiction based upon complete diversity of citizenship between the parties, as follows:

  a. Plaintiff, Aaron Epps ("Plaintiff"), is a citizen of the State of Florida. (See Compl. ¶ 4.)

  b. Defendant, East Coast Waffles, Inc., is a citizen of the State of Georgia, as it is a foreign corporation, incorporated under the laws of the State of Georgia with its principal place of business located at 5986 Financial Drive, Norcross, Georgia, 30071. (See Defendant's Annual Report Filing with the Florida Secretary of State, attached hereto as **Exhibit "B")**; see 28 U.S.C. § 1332(c).

  c. The amount in controversy exceeds the minimum sum of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

  3. As to the amount in controversy, Plaintiff's Complaint states only that his damages exceed the amount of $30,000. (See Compl. ¶ 1.) Since Plaintiff made an unspecified demand for damages in his state court pleading, Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332. See Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Williams v. Best Buy Company, 269 F.3d 1316, 1319 (11th Cir. 2001).

4. District courts give preference to the plaintiff's own assessment of the value of his case. See DeGeorge v. Geico General Insurance Company, 2012 WL 6212916, *2 (MD Fla. 2012) (finding diversity jurisdiction by analyzing details of demand letter in support of removal).

5. In the instant case, Plaintiff sent a pre-suit demand letter, dated March 3, 2021, regarding Plaintiff's damages allegedly resulting from the incident that is the subject of Plaintiff's Complaint. (See Pl. Demand Letter, March 3, 2021, attached hereto as **Exhibit "C."**) Demand letters and settlement offers that provide specific information and good faith assessments regarding a plaintiff's claim for damages may be considered in determining the amount in controversy. See, e.g., Mick v. De Vilbiss Air Power Co., 2010 WL 5140849, *1-2 (M.D. Fla. Dec. 14, 2010); Lutins v. State Farm Mutual Automobile Ins. Co., 2010 WL 6790537, *2 (M.D. Fla. Nov. 4, 2010).

6. In Plaintiff's demand letter, there is lengthy and substantive discussion regarding Plaintiff's gunshot injury in the abdomen, which resulted in an initial emergency surgery and subsequent follow up treatment and additional surgery. (Exhibit C.)

7. Plaintiff's demand letter also includes a list of outstanding medical charges from various providers. As of the date of the demand letter, Plaintiff's past medical charges totaled $695,098.82. (Exhibit C.)

8. Moreover, Plaintiff alleges that he is continuing to seek medical treatment as a result of his alleged injuries, and Plaintiff is seeking undisclosed

amounts for Plaintiff's claims for future medical care and costs, lost wages, and future loss of earning capacity claims.  (See Compl. ¶ 17; see also Exhibit C.)

9. Under the provisions of 28 U.S.C. § 1441, the right exists to remove this action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida to the United States District Court for the Middle District of Florida, Ocala Division, which embraces the place where this action is pending. See 28 U.S.C. § 1441(a).

10. Venue is properly in the Ocala Division of the Middle District of Florida, pursuant to M.D.L.R. 1.02(b)(3).

11. This Notice of Removal is being timely filed within thirty (30) days after service of the Complaint on Defendant, as required by 28 U.S.C. §1446(b)(1). (Compl.)

12. Defendant filed with the Clerk of the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, a Notice to State Court of Defendant's Filing Notice of Removal, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice to is attached hereto as **Exhibit "D."**

13. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. 2022-CA-002657 now pending in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida be removed to this Federal Court.

Respectfully submitted this 19th day of January, 2023.

          MOORE INGRAM JOHNSON & STEELE, LLP

          */s/ Kimberly E. Young*
          KIMBERLY E. YOUNG
          Florida Bar No.: 109590
          390 N. Orange Ave., Suite 625
          Orlando, Florida 32801
          Telephone (407) 367-6233
          Facsimile (407) 845-1500
          Primary e-mail: keyoung@mijs.com
          Primary e-mail: ajmatos@mijs.com
          Secondary e-mail: sbsalsburystemen@mijs.com
          Secondary e-mail: mbrewster@mijs.com
          Counsel for Defendant, East Coast Waffles, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of January 2023, a true and correct copy of the foregoing was served through the CM/ECF portal which will automatically serve a copy to the following attorneys of record: Anthony D. Thomas, Esq., Thomas Thomas Law, LLC, 842 East Park Avenue, Suite A, Tallahassee, Florida 32301, anthonythomas@thomasthomaslaw.com.

MOORE INGRAM JOHNSON & STEELE, LLP

*/s/ Kimberly E. Young*_____
KIMBERLY E. YOUNG
Florida Bar No.: 109590
390 N. Orange Ave., Suite 625
Orlando, Florida 32801
Telephone (407) 367-6233
Facsimile (407) 845-1500
Primary e-mail: keyoung@mijs.com
Primary e-mail: ajmatos@mijs.com
Secondary e-mail: sbsalsburystemen@mijs.com
Secondary e-mail: mbrewster@mijs.com
Counsel for Defendant, East Coast Waffles, Inc.