

**null / ALL**
**Transmittal Number: 26085059**
**Date Processed: 12/20/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Gregory J. Newman<br>Waffle House, Inc.<br>5986 Financial Dr<br>Norcross, GA 30071-2949 |

| | |
|---|---|
| **Entity:** | East Coast Waffles, Inc.<br>Entity ID Number  3162763 |
| **Entity Served:** | East Coast Waffles, Inc. |
| **Title of Action:** | Aaron Epps vs. East Coast Waffles, Inc. |
| **Matter Name/ID:** | Aaron Epps vs. East Coast Waffles, Inc. (13370813) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Marion County Circuit Court, FL |
| **Case/Reference No:** | 22-CA-2657 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 12/20/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Thomas Thomas Law, LLC<br>850-329-7681 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 163280741 E-Filed 12/19/2022 10:53:30 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR
MARION COUNTY, FLORIDA

**AARON EPPS**

    Plaintiff,

vs.                                      **CASE NO.:** 22-CA-2657

**EAST COAST WAFFLES, INC.,**
a Foreign Profit Corporation,

    Defendant.

_____/

Date: _12/20/22_
Time: _1050a_
Initials: CMC- CPS#101

### SUMMONS

**THE STATE OF FLORIDA:**

**To:** Corporation Service Company, Registered Agent
      East Coast Waffles, Inc.
      **1201 Hays Street**
      **Tallahassee, FL 32301-2525**

    **TO EACH SHERIFF OF THE STATE: YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in this lawsuit on the above-named Defendant.

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

                 **ANTHONY D. THOMAS, ESQUIRE**
                 **THOMAS THOMAS LAW, L.L.C.**
                 842 E. Park Ave. Ste. A
                 Tallahassee, FL 32301
                 (850) 329-7681
                 FBN No. 0101202

    **WITNESS** my hand and the seal of the Court on __DECEMBER 19__ , 2022.

                 GREGORY C. HARRELL
                 Clerk of Circuit Court

(Court Seal)                 By: _R. Buell_
                         **Deputy Clerk**

Electronically Filed Marion Case #  22CA002657AX 12/19/2022 01:50:14 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR
MARION COUNTY, FLORIDA

**AARON EPPS**

      Plaintiff,

                                      CASE NO.: 22-CA-2657

vs.

**EAST COAST WAFFLES, INC.,**
a Foreign Profit Corporation,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, AARON EPPS, by and through his undersigned counsel, and hereby sues Defendant, EAST COAST WAFFLES, INC., a Foreign Profit Corporation and as grounds therefore states:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of interest, costs and attorney's fees.

2.     That venue is proper in Marion County in that the Defendant was and is doing business in Marion County, Florida, and/or all of the acts complained of herein occurred in Ocala, Marion County, Florida.

3.     This Court has jurisdiction pursuant to Florida Statute § 26.012 and Article V, Section 5 of the Constitution of the State of Florida.

4.     Plaintiff, AARON EPPS, was at all times material hereto a resident of Ocala, Marion County, Florida and is in all other respects *sui juris*.

5.     At all times material hereto, the Defendant, EAST COAST WAFFLES, INC., was and is a Foreign Profit Corporation, authorized to do and conducting business in Ocala, Marion County, Florida.

6.     At all times material hereto, the Defendant, EAST COAST WAFFLES, INC., was doing business as Waffle House #2088, 22 NW 34th Ave., Ocala, Marion County, Florida 34475.

7.     At all times material hereto, the Defendant, EAST COAST WAFFLES, INC., owned, operated or was otherwise in exclusive and/or material possession or control of the above-described premises.

### GENERAL ALLEGATIONS

8.     On or about December 31, 2018 and at all material times mentioned in this complaint, Defendant, EAST COAST WAFFLES, INC. (hereinafter, EAST COAST WAFFLES), was a restaurant that invited the general public, including Plaintiff, AARON EPPS.

9.     On or about December 31, 2018 Plaintiff, AARON EPPS was a patron and invitee upon the "Waffle House #2088" premises owned, managed, maintained and/or controlled by Defendant, EAST COAST WAFFLES, and was lawfully on the premises.

10.    On December 31, 2018 at approximately 2:45a.m., Plaintiff, AARON EPPS, was criminally shot in the parking lot owned and controlled by EAST COAST WAFFLES. As a result of the shooting, AARON EPPS sustained serious injuries including but not limited to a gunshot wound to his abdomen.

### COUNT I
### NEGLIGENCE AGAINST EAST COAST WAFFLES, INC.

11.    Plaintiff, realleges the allegations in paragraphs one (1) through ten (10) of this Complaint and incorporates them herein.

12.    At all times material hereto, Defendant, EAST COAST WAFFLES, through its

agents and employees, owed a duty to its invitees, patrons, and the public, to exercise reasonable and ordinary care to maintain its premises in a condition reasonably safe for use by its invitees, and the public. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its invitees, patrons, and the public, including Plaintiff, AARON EPPS, from reasonably foreseeable criminal attacks on the premises.

13.     At all times material hereto, Defendant, EAST COAST WAFFLES, through its agents and employees, knew or in the exercise of reasonable care should have known that their premises, and areas adjacent thereto had suffered numerous criminal acts and attacks perpetrated on persons and property in said areas, and that violent crimes against persons were reasonably foreseeable on the Defendant's invites, patrons, and the public unless the Defendant took steps to provide proper security for such individuals.

14.     At all times material hereto, Defendant, EAST COAST WAFFLES, through its agents and employees, knew or in the exercise of reasonable care should have known that numerous crimes against persons and property had occurred on the premises and/or areas adjacent thereto prior to December 31, 2018.

15.     At all times material hereto, Defendant, EAST COAST WAFFLES, through its agents and employees, knew or in the exercise of reasonable care should have known that no individual, including Plaintiff, AARON EPPS, had within their power to take the measures necessary to provide for his or her own security on the premises.

16.     As a result of the paragraphs above, at all material times the criminal attack of Plaintiff, AARON EPPS, was reasonably foreseeable, and that Defendant, EAST COAST WAFFLES, was in a superior position to appreciate such dangers and take necessary measures to prevent harm to invitees and patrons.

17.   At the abovementioned time and place, Defendant, EAST COAST WAFFLES, by and through its agents and employees, for whom it is vicariously liable, breached its duty to exercise ordinary and reasonable care for the safety and protection of the invitees and patrons, including Plaintiff, AARON EPPS, through the following acts of omission or commission:

a.   Failing to provide adequate security for its patrons, invitees and the public, including the Plaintiff, AARON EPPS;

b.   Failing to warn its invitees, patrons and the public, including Plaintiff, AARON EPPS, of the nature and character of the surrounding area when it knew or in the exercise of reasonable care should have known that numerous crimes against persons and property had occurred on the Defendant's premises prior to the herein incident;

c.   Failing to warn, protect, guard, and secure the safety of its invitees, patrons, and the public, including Plaintiff, AARON EPPS, when the Defendant knew or should have known that the subject premises had a history of violent criminal acts against persons or property being committed in the area, thereby creating a dangerous condition to those individuals on the property located at Waffle House #2088;

d.   Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees, patrons and the public, when the Defendant knew or should have known of foreseeable criminal acts;

e.   Failing to hire and/or retain any private security personnel and/or off duty police officers to patrol and/or monitor the Defendant's Waffle House #2088, premises, thereby protecting its invitees, patrons and the public, including Plaintiff, AARON EPPS;

f.   Failing to have sufficient number of security guards in visible areas to deter crime; thereby protecting its invitees, patrons and the public, including Plaintiff, AARON EPPS;

g.   Failing to have adequate number of security guards to protect invitees, patrons and the public, including Plaintiff, AARON EPPS;

h.   Failing to hire and/or retain competent security gausrds to protect its invitees, patrons and the public, including Plaintiff, AARON EPPS;

i.   Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its invitees, patrons and the public

including Plaintiff, AARON EPPS;

j.    Failing to provide proper and sufficient lighting for the premises;

k.    Failing to have surveillance cameras in such locations throughout the premises, including but not limited to the exterior of the building and parking lot;

l.    Failing to have an adequate number of surveillance cameras on the premises and surrounding areas, including but not limited to the areas of the premises where the instant incident occurred;

m.    Failing to position surveillance cameras in appropriate locations and surrounding areas where the Plaintiff was attacked, was adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

n.    Failing to have and/or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity;

o.    Failing to implement adequate security policies, security measures, and security procedures necessary to protect Plaintiff, AARON EPPS, and other invitees, patrons and members of the public;

p.    Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

q.    Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

r.    The preceding paragraphs "a" through "q", individually and/or as a whole, represent deviations from the standard of care with regard to security as recognized by similar establishments.

18.    The Defendant, EAST COAST WAFFLES, through its agents and employees, failed to have any procedures governing the inspection, supervision, and/or security on the property where the subject incident occurred; or in the alternative;

a.    The Defendant, EAST COAST WAFFLES, through its agents and employees, did in fact have procedures governing the inspection, supervision, and security of its property as a whole; however, the Defendant failed to implement said procedures; or in the alternative;

b.    The Defendant, EAST COAST WAFFLES, through its agents and

employees, did have procedures governing the inspection, supervision, and security of its property as a whole but exercised the same in a carless and negligent manner.

19.     At all times material hereto, Defendant, EAST COAST WAFFLES, through its agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing proper security measures adequate to ensure the safety of its invitees, patrons and the public, including the areas of the subject premises where the subject incident occurred.

20.     Defendant, EAST COAST WAFFLES, through its agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises.  Further, the Defendant failed to warn its invitees, patrons and the public, including but not limited to Plaintiff, AARON EPPS, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed the danger.

21.     The negligence of Defendant, EAST COAST WAFFLES, proximately caused injury to Plaintiff, AARON EPPS, and directly led to the criminal attack of the Plaintiff including his subsequent injuries which resulted from therefrom, in that:

   a.     There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault.

   b.     There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault.

   c.     Criminals could carry out physical assaults on Defendant's premises without fear of being caught, discovered, and/or prosecuted.

   d.     An atmosphere was created at the Defendant's premises which facilitated the commission of crimes against persons.

22.     As a direct and proximate result of said negligence of Defendant, EAST COAST

WAFFLES, Plaintiff, AARON EPPS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a preexisting condition, loss of earnings and loss of the ability to earn money. The losses are permanent and continuing, and Plaintiff shall suffer said losses in the future.

WHEREFORE, Plaintiff, AARON EPPS, demands judgment against Defendant, EAST COAST WAFFLES, INC., for damages, for past, present and future medical expenses, pain and suffering, impairment of earning capacity, costs, and such other relief as the court deems appropriate, and requests trial by jury as to all triable issues.

DATED this 19th day of December 2022.

*Respectfully submitted,*

**THOMAS THOMAS LAW, LLC**
**Designated Email:**
**anthonythomas@thomasthomaslaw.com**
842 East Park Avenue, Suite A
Tallahassee, FL 32301
(850) 329-7681 Telephone
(850) 807-5297 Facsimile

/s/ Anthony Thomas
**Anthony D. Thomas, Esquire**
FBN: 0101202